**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**                                     **PLAINTIFF**

**VERSUS**                         **CRIMINAL NO. 1:20-cr-00060-LG-RPM**

**ROHITH MATHEW**                                 **DEFENDANT**

## MOTION TO RECORD THE EFFECTS OF COVID-19 ON THE JURY POOL AND IF DISPARATE RACIAL IMPACT IS DEMONSTRATED TO BAR THE EXERCISE OF PEREMPTORY STRIKES AGAINST NON-WHITE VENIRE MEMBERS OR ALTERNATIVELY REQUIRE THE PERSON USING A PEREMPTORY STRIKE ON A MINORITY TO GIVE SATISFACTORY RACE NEUTRAL REASON IN ACCORDANCE WITH *BATSON V. KENTUCKY*

**COMES NOW** ROHITH MATHEW, by and through the undersigned counsel, and moves this Court, pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States to take necessary steps to protect the jury selection process and ensure a fair cross-section of the community participate in any trial by recording the impact of COVID-19 on the venire and if disparate impact is demonstrated to bar the use of peremptory strikes against non-white venire members during jury selection, or alternatively if the Government uses a strike on a minority the Defendant' doesn't have to prove a *prima facie* showing that race was a criteria for the exercising or the peremptory strike on the minority the Government must give a race neutral reason, upon using any peremptory strike on a minority.  See *Batson v.* Kentucky, 476 U.S. 79 (1986).  In support of this motion, Defendant would show the following:

1.      We are in unprecedented times. The United States District Court has recognized the pandemic and entered numerous general and special orders, the most recent

being Special Order 10 on September 11, 2020, which provide:

> The Court has therefore concluded that it should use this possible window to try criminal cases if it can safely do so. To that end, it has developed a comprehensive jury-resumption plan that includes steps such as staggered jury selections, limited numbers of trials in each courthouse, requiring social distancing, requiring masks, providing face shields, providing retractable shields in the courtrooms to separate jurors and trial participants, deep cleaning of the courtrooms, hand sanitizers, and other similar measures.
>
> While these steps should mitigate the risk of exposure, they also limit the number of cases that the Court can try at one time and the types of cases that can be safely tried. For example, appropriate social distancing would not be feasible in multi-defendant cases. Similarly, longer trials create greater risks of (1) exposure; (2) overlapping trials in the same courthouse; and (3) the need to quarantine or take other measures before the case concludes. In sum, there will be cases set for trial, but all others will remain subject to a stay.

See Special Order 10 signed September 11, 2020.

2.      Data from the Mississippi Department of Health indicates that 55% of people infected with COVID-19 are non-white, https://msdh.ms.gov/msdhsite/_static/14,0,420.html (last visited August 22, 2020), yet Mississippi is 59% White. https://www.census.gov/quickfacts/MS. Further, Harrison County Mississippi has 3,727 reported confirmed cases of COVID-19 and 72 deaths. Over 1.8 % of Harrison County has had COVID-19.

3.      The jury venire in the defendant's case comes from the 6 southern counties in Mississippi, and Greene County, Mississippi. Greene County has a population of 13,000 with 343 testing positive for COVID-19 , or over 2.6% of their population. Seventeen deaths or 5% of the people who contract COVID-19 in Greene County, Mississippi die. The State average is around 3.0%

4.      The six southern counties in Mississippi have the following case breakdown:

| County | # of Cases | Deaths | Population | % of Population COVID Positive |
|---|---|---|---|---|
| Harrison | 3727 | 72 | 208,000 | 1.8 |
| Hancock | 561 | 21 | 47,632 | 1.2 |
| Jackson | 3,378 | 67 | 143,617 | 2.4 |
| George | 744 | 13 | 24,250 | 3.0 |
| Stone | 350 | 11 | 18,336 | 2.0 |
| Pearl River | 862 | 50 | 55,536 | 1.5 |

5.      Special Order 10 does not specify the entire procedure this court must follow. As a preliminary request the Defendant asks this court to provide a copy of any document proposed to be sent to prospective jurors and further to provide an explanation for how jurors will request excuses or exemptions. The Defendant further requests that prior to the granting of an excuse or exemption the Clerk record the potential jurors name, age, race and gender as well as the proffered excuse or exemption and that this information be included in the case file in this matter. The Defendant specifically requests this information regardless of when the excuse or exemption is granted – prior to date of service, during general qualification or the venire or after being placed on panels for consideration in this matter.

6.      The Supreme Court of the United States has held that an "impartial jury" is one drawn from "a representative cross-section of the community." *Holland v. Illinois*, 493 U.S. 474, 480 (1990); *Duren v. Missouri*, 439 U.S. 357 (1979). If the record indicates a *disparate racial impact on the jury pool* that this Defendant's jury will be selected from

remedial action must be taken.

7.    The Supreme Court of the United States has unequivocally declared that racial discrimination in jury selection will not be tolerated, and any verdict entered by a jury tainted with this discrimination cannot stand. *Flowers v. Mississippi*, 139 S. Ct. 2228, 588 US ___ (2019); *Batson v. Kentucky*, 476 U.S. 79 (1986).

8.    Although the right to peremptory strikes is given to parties by Federal Rules of Criminal Procedure Rule 24(b)(2), that right must give way to the Equal Protection Clause of the United States Constitution and it is in the inherent power of a court enforcing the Equal Protection Clause to exercise such remedies to prevent its violation as are effective in doing so. *Batson v. Kentucky*, 476 U.S. 79 (1986), *Swain v. Alabama*, 380 U.S. 202, 224 (1965).[1]

9.    The defendant understands the additional costs and expenses a jury trial will bring to the courts at this time and potential prejudice to himself and has no objection to a continuance and waives constitutional and statutory speedy trial rights so the overall prejudicial affect of COVID-19 on his jury trial will not take place.  (The list of potential prejudice to defendant includes:  masked jurors, witnesses, attorneys, court personnel, or someone testing positive; delay in case to ensure proposed social distancing; people who do not want to be there and the only person they can place blame on is defendant.)  No safe scientific or medical procedures have been proposed or approved.

10.   Protecting the right of non-white jurors to serve, particularly in this time

---

[1] Statute and Rule provide only for the number of peremptory strikes.  Though the Supremacy Clause would permit complete abrogation of the statute if necessary, to remedy racial discrimination, that is not necessary in this matter. Either party may use up to the full number of peremptoriness, and only need be restricted in their use against non-white venire members.

where they are disproportionately impacted by COVID-19 yet appear at the courthouse willing to serve is essential. The integrity of the very process, as well as the dignity and civil rights of the citizens who present themselves for the often onerous duty of sitting in judgment on their fellow men and women, demands no less. *Powers v. Ohio*, 499 U.S. 400, 412 (1991); *Georgia v. McCollum*, 505 U.S. 42, 49 (1992); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, (1991); *State v. Flowers*, 947 So. 2d 910 (Miss. 2007).

WHEREFORE, premises considered, the defendant respectfully requests that this honorable Court bar the exercise peremptory strikes against non-white venire members during jury selection by the Government, or alternatively if the Government uses strikes on non-white jurors they must give satisfactory race neutral reasons without the defense showing that race was a criteria for the exercised peremptory strike.

RESPECTFULLY SUBMITTED this, the 21st day of September, 2020.

ROHITH MATHEW, Defendant

BY:   ***/s/Jim Davis***
        JIM DAVIS

5

**CERTIFICATE OF SERVICE**

I, JIM DAVIS, counsel of record for Defendant ROHITH MATHEW, do hereby certify that I have this date filed a true and correct copy of the foregoing *Motion to Record the Effects of COVID-19 on the Jury Pool and if Disparate Racial Impact is Demonstrated to Bar the Exercise of Peremptory Strikes Against Non-White Venire Members or Alternatively Require the Person Using a Peremptory Strike on a Minority to Give Satisfactory Race Neutral Reason in Accordance with* <u>Batson v. Kentucky</u> with the Clerk of the Court using the ECF filing system that automatically notifies, and provides a copy of same to, all interested parties.

SO CERTIFIED this, the 21st day of September, 2020.

<u>**/s/Jim Davis**</u>
JIM DAVIS

JIM DAVIS, MSB No. 5830
1904 24th Avenue
P.O. Box 1839
Gulfport, MS   39502
Phone: 228-864-1588
Fax: 228-863-5008